IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Michael King, | ) |
| **Individually** | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 4:18-cv-841 |
| **Blue Valley Heating and Cooling, LLC** | ) |
| and | ) |
| **Jon Majors** | ) |
| Defendants. | ) |

Service Instructions:

# COMPLAINT
*Collective Action Under the FLSA*

**COMES NOW,** Plaintiff, Michael King, by and through counsel, and hereby sets forth this action for violation of the Fair Labor Standards Act ("FLSA") under §216(b) as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants, Blue Valley Heating and Cooling ("BVHC") and Jon Majors ("Majors"), for overtime compensation, improper deductions from pay, and related penalties and damages. It is Defendants' practice and policy to willfully fail and refuse to pay all wages and overtime compensation due and owing to Plaintiff, and doing so is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq*.

2. Further, Defendants' policies and practices are to not include all remuneration in calculating overtime premiums due Plaintiff.

1

3. Finally, it is Defendants' policy and practice to refuse to provide Plaintiff with his final paycheck under Missouri law. Defendants' pay practices and policies are in direct violation of the FLSA and Missouri state law, and therefore Plaintiff seeks declaratory relief; minimum wage and overtime premiums for all overtime work required, suffered, or permitted by Defendant; compensation for wages wrongfully withheld or deducted; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

4. Plaintiff Michael King currently resides in Odessa, Missouri.

5. Plaintiff was employed as a Service Technician for Defendant and performed work for Defendant in Kansas and Missouri.

6. Defendant Blue Valley Heating and Cooling is a limited liability corporation organized in Missouri, registered in Missouri, and operating and conducting business in Missouri

7. Defendant Jon Majors is the owner of BVHC. At all relevant times, Majors made employment-related decisions, such as rates of pay, scheduling, and other decisions. At all relevant times, Majors was in daily contact with Plaintiff and other personnel, has maintained final authority on company functions, and made the final decision to not pay Plaintiff his full wages at the termination of the relationship.

8. At all relevant times, Defendants were the employer of Plaintiff, and are thus liable to Plaintiff, as an employer, joint employer, single employer and/or otherwise according to statutory and/or common law.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

2

Case 4:18-cv-00841-FJG   Document 1   Filed 10/24/18   Page 2 of 12

10. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant is registered in Missouri, has a registered agent in Missouri, regularly operates in Missouri, and Plaintiff and the putative collective class members are, or were, employees, working in Jackson County, Missouri, which is located within this District.

11. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants conduct business, and have substantial business contacts in the Western District of Missouri, and the causes of action set forth herein have arisen, in part, and occurred, in part, in Jackson County, Missouri, located in the Western District of Missouri.

13. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Missouri.

## ALLEGATIONS

14. Plaintiff was suffered or permitted to work by Defendants while not being paid wages as well as proper overtime compensation for all hours worked in excess of 40 hours in a workweek.

15. At all relevant times, Defendants have had a policy and practice of failing and refusing to properly compensate Plaintiff overtime compensation for all hours worked in excess of forty hours per week, and improperly deducting monies from employees' pay.

16. At all relevant times, Defendants maintained a policy and practice of giving its hourly workers non-discretionary bonuses. However, in doing so, Defendants failed to compensate

3

Plaintiff for the increase in their regular rate of pay attributable to said bonuses pursuant to 29 CFR 778.200 and 29 CFR 778.208.

17. The Plaintiff was subject to Defendants' policies and practices of failing and refusing to compensate employees their regular or statutorily required rate of pay for all hours worked.

18. Plaintiff has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices of permitting, suffering and/or failing to properly compensate employees for their regular or statutorily required rate of pay for all hours worked.

19. Plaintiff was employed by the Defendants in 2017. During this time, Plaintiff performed work for Defendants in the position of Technician and was paid on an hourly basis at a rate of $30.00 per hour.

20. Plaintiff brings this Complaint pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

21. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

22. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

23. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

24. Plaintiff was not exempt from the right to receive overtime pay under the FLSA and is not exempt from the requirement that his employer pay him overtime compensation under the FLSA.

25. Plaintiff is entitled to be paid overtime compensation at a rate of 1.5 times his regular rate for all overtime hours worked.

26. At all relevant times, Defendants have had a policy and practice of failing and refusing to pay Plaintiff wages and failing to pay overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. For the workweeks prior to his final pay period, Defendants failed to include bonuses and commissions in calculating Plaintiff's regular rate of pay for overtime compensation. In his final pay period, Defendants paid Plaintiff the same straight time hourly rate ($7.25 per hour) for non-overtime hours as they did for overtime hours. However, this payment did not represent payment for all of Plaintiff's work hours. The net effect of this was to drop Plaintiff's regular rate below federal minimum wage of $7.25 per hour.

27. Defendants' failure to compensate Plaintiff overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

28. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. Plaintiff seeks damages in the amount of all unpaid wages, including overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

30. Plaintiff brings Count I (FLSA) challenging Defendants' practices of failing to pay Plaintiff all wages, including overtime premiums for hours in excess of forty in a workweek.

31. Plaintiff seeks relief, challenging, among other FLSA violations, Defendants' practice of by failing to pay Plaintiff at a proper, legal rate, including minimum wages and overtime compensation.

## COUNT I – FLSA CLAIM

32. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

33. Plaintiff was formerly employed by the Defendants and worked from its office location in in Jackson County, Missouri.

34. Plaintiff regularly worked in excess of forty (40) hours per week.

35. Plaintiff was not properly compensated for this work at the applicable overtime premiums that are due and owing.

36. Plaintiff was not exempt from the right to receive minimum wages and overtime compensation under the FLSA.

37. Plaintiff was treated as non-exempt employees by the Defendants under the FLSA.

38. Plaintiff regularly worked and/or continue to work in excess of forty (40) hours per week. Plaintiff was not properly compensated for this work at the applicable rate of pay.

39. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

40. Plaintiff was subject to Defendants' compensation policy and plan that requires these employees to perform work in excess of 40 hours in a workweek, without inclusion of the increase in their rates of pay attributable to bonuses he received.

41. Defendants failed to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §207(a)(1).

42. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

43. The Plaintiff seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other relief as the Court deems just and proper.

44. The Plaintiff seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for relief as follows:

a. An award of damages for unpaid minimum wages and overtime compensation due to the Plaintiff to be paid by Defendant;

b. An award of liquidated damages for minimum wages and overtime compensation due to the Plaintiff to be paid by Defendant; or

c. Pre Judgment and Post-Judgment Interest as provided by law;

d. Plaintiff's Costs and expenses of this action incurred herein including expert fees;

e. Reasonable attorneys' fees; and

f. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II - FAILURE TO PAY EARNED WAGES AND OVERTIME
### (Mo. Rev. Stat. § 290.500, et seq.)

45. Plaintiff re-alleges and incorporates by reference each and every averment of this Complaint as though fully set forth therein.

46. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, et seq.

47. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wage compensation by Missouri employers.

48. Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

49. Defendants are subject to the minimum wage and overtime requirements Mo. Rev. Stat. § 290.500, *et. seq*. because they are employers in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiff was an employee under Mo. Rev. Stat. § 290.500(3).

50. Defendant violated Mo. Rev. Stat. § 290.502 by failing to pay Plaintiff minimum wage compensation.

51. Defendant violated Mo. Rev. Stat. § 290.505 by failing to pay Plaintiff for overtime.

52. Plaintiff is the victim of an unlawful and entity-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. § 290.505.

53. As a result of these violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.500, *et. seq.*, wages and overtime compensation have been unlawfully withheld by

Defendants from Plaintiff for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.502; 290.505; 290.527, together with an additional equal amount as liquidated damages, pre judgment and post judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) for prejudgment and post judgment interest as provided by law; (5) for reasonable attorney fees and costs; and (6) for such other relief the Court deems fair and equitable.

**COUNT IV – FAILURE TO PAY FINAL PAYCHECK**

54. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 53 of this Complaint as though fully set forth herein.

55. Plaintiff's employment was terminated on or about June 19, 2018.

56. Pursuant to § 290.110, upon discharge of any employee, his or her wages to that date become due and payable.

57. On July 12, Defendant received Plaintiff's request for his final paycheck. Defendant has failed to provide Plaintiff his final paycheck within the meaning of Missouri Wage Laws.

58. More than 60 days has elapsed since Defendant received Plaintiff's request. Accordingly, Plaintiff is entitled to a penalty of his regular wages for 60 days.

WHEREFORE, Plaintiff prays for relief as follows:

a. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

b. An award of restitution of the full amount of the wage rate and an additional payment of regular wages for a period of 60 days, less the amounts actually paid to the Plaintiff;

c. Costs and expenses of this action incurred herein;

d. Reasonable attorneys' fees and expert fees;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Any and all such other and further relief as this Court deems necessary, just and proper.

### COUNT IV – QUANTUM MERUIT

54. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

55. At Defendants' request, Plaintiff provided services in the form of work for Defendants. These services had reasonable value and were performed at an hourly rate.

56. Plaintiff regularly worked in excess of 40 hours per workweek, without being properly compensated for this time, despite Defendant's representations to the contrary, and despite state and federal law requirements.

57. Defendants failed to compensate Plaintiff the reasonable value of these services performed on Defendants' behalf, in violation of its representations and/or obligations under state and federal law.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count IV of the Complaint; for an award of compensatory damages and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

### COUNT V – BREACH OF CONTRACT

58. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

59. An employment agreement existed between the Plaintiff and Defendants, the terms and conditions of which included a requirement for employees to perform services for Defendants and an agreement by Defendants to pay Plaintiff at an agreed hourly rate for all work performed.

60. Defendants represented to Plaintiff that he would be paid overtime compensation for hour worked in excess of 40 in a workweek, and/or that they would be paid in accordance with state and federal law.

61. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff has performed all conditions precedent required of Plaintiff his employment agreement.

62. Defendants failed and refused to perform their obligations in accordance with the terms and conditions of its employment agreements by failing to compensate Plaintiff for all time worked on behalf at the agreed wage rate.

63. Plaintiff was thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count V of the Complaint; for an award of compensatory damages; pre-judgment and post judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT V –UNJUST ENRICHMENT

64. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 63 of this Petition as though fully set forth herein.

65. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and/or deducted monies from Plaintiff's pay in excess of the value that Plaintiff arguably received. Defendants have been and are being enriched at the expense of Plaintiff because Plaintiff was not properly compensated for their work.

66. Defendants intentionally refused to pay Plaintiff at the proper rate for all hours worked and/or deducted monies from Plaintiffs' pay in excess of the value that Plaintiffs arguably received. Defendants know or should know the proper rate of pay for Plaintiff. Such wrongful conduct demonstrates bad faith on the part of Defendants.

67. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff.

Respectfully submitted:

**THE HODGSON LAW FIRM, L.L.C.**

By: */s/ Michael Hodgson*
      Michael Hodgson    MO # 63677
      *mike@thehodgsonlawfirm.com*
      3699 SW Pryor Road
      Lee's Summit, MO 64063
      Tel: (816) 600-0117

**ATTORNEY FOR PLAINTIFF**

12

Case 4:18-cv-00841-FJG   Document 1   Filed 10/24/18   Page 12 of 12